MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 21
Docket:        Han-23-159
Argued:        December 6, 2023
Decided:       March 26, 2024

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.*

ERICA BROOKS et al.

v.

TOWN OF BAR HARBOR

CONNORS, J.

[¶1] The question presented in this declaratory judgment action is whether the Town of Bar Harbor's adoption of an amendment to its Land Use Ordinance regarding vacation rentals was void because it was passed with less than a supermajority. The Superior Court (Hancock County, *R. Murray, J.*) concluded a supermajority was not needed; residents Erica Brooks and Victoria Smith brought this action seeking a contrary declaration. Brooks and Smith appeal from the Superior Court's judgment granting the Town's motion for summary judgment and denying their motion for summary judgment. We affirm, albeit on different grounds than those of the Superior Court.

---

\* Although Justice Jabar participated in this appeal, he retired before this opinion was certified.

## I. BACKGROUND

[¶2]  "The following facts are drawn from the summary judgment record and are not disputed by the parties."  *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 2, 86 A.3d 52.  Given the basis of our decision, we may be brief as to the material facts.

[¶3]  Brooks and Smith own real property within the Town; Brooks is also a real estate broker who sells real estate in the Town.  Brooks was a member of the Planning Board at all times relevant to this case until her term expired in July 2021.  Smith is a current holder of a short-term rental license on property she owns.

[¶4]  On November 2, 2021, the Town enacted an amendment to the provisions in its Land Use Ordinance (LUO) relating to short-term rentals by a vote of 1,260 out of 2,100, or 60%.  Brooks and Smith argue that because the Planning Board's vote—held before the November 2021 election—on whether to recommend the proposed amendment resulted in a 2-2 tie, under the language of the LUO then in place, the amendment needed to be enacted by a two-thirds Town vote to become effective.

[¶5]  Before the Superior Court, the parties concentrated on the issue of whether the language of the LUO required passage by a two-thirds

supermajority. The Superior Court agreed with the Town that the language did not. On appeal before us, the Maine Municipal Association (MMA) moved and was granted permission to file an amicus brief. In that brief, the MMA argued that it was immaterial whether the LUO language called for a supermajority vote because under 21-A M.R.S. § 723(4) (2023) and 30-A M.R.S. § 2501 (2023), unless the Town's charter provides otherwise, which it does not, only a simple majority vote was required for the amendment to become effective.

[¶6] Although the parties continued to concentrate their argument on appeal on the language in the LUO and the effect of a tie Planning Board vote, the Town also endorsed the MMA's argument. In response to the MMA's argument, Brooks and Smith contended that we should not address the argument because it came too late, without affording them an opportunity to develop the factual record relating to that argument.

## II. DISCUSSION

### A. We may affirm the Superior Court's judgment on alternative grounds.

[¶7] As a general rule, "[w]e may affirm a summary judgment on alternative grounds from the trial court decision when we determine, as a matter of law, that there is another valid basis for the judgment." *Yankee Pride Transp. & Logistics, Inc. v. UIG, Inc.*, 2021 ME 65, ¶ 11, 264 A.3d 1248; *see also*

4

*Est. of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 22, 60 A.3d 759 ("Although we reach our conclusion for reasons different from those indicated by the Superior Court . . . entry of summary judgment may be affirmed when we determine, as a matter of law, that there is another valid basis for the judgment."); *Rainey v. Langen*, 2010 ME 56, ¶ 24, 998 A.2d 342 ("We are, of course, free to affirm a summary judgment for reasons different from those upon which the Superior Court relied.").

[¶8]  Although Brooks and Smith argue that additional facts are needed to address the MMA's argument that the supermajority requirement in the LUO is unenforceable, the MMA's argument is straightforward, is purely legal, and depends only on the language of the relevant statutes and the uncontested contents of the Town's charter.  Brooks and Smith had a fair opportunity to respond in their reply brief, and they are not prejudiced by our choice to address the merits of that legal argument.[1]

[¶9]  Given that we can address this appeal on alternative grounds raised for affirmance based on the evidentiary record before us, that this will not

---

[1] Ordinarily, we do not entertain a new argument raised in an amicus brief. *See State v. Sloboda*, 2020 ME 103, ¶ 19 n.8, 237 A.3d 848. Here, however, the Town expressly endorsed the MMA's argument, and because the argument presents alternative grounds for affirmance, we could have ruled based on those grounds sua sponte. *Cf. id.* (addressing a jurisdictional argument raised by amici because the issue could be raised at any time).

prejudice any party, and that ruling based on the alternative grounds will serve the interests of judicial economy and provide guidance to the bench and bar, we exercise our discretion to address the merits of this appeal on those alternative grounds.

**B.  By statute, only a simple majority was needed to enact the LUO amendment.**

[¶10]   The language of the relevant statutes is clear.  Title 21-A, section 723(4) provides, "A referendum question is determined by majority vote."  Title 30-A, section 2501 provides, "Except as otherwise provided by this Title or by charter, the method of voting and the conduct of a municipal election are governed by Title 21-A."  Because the Town's supermajority requirement was contained only in the LUO, not in its charter, that requirement is unenforceable.

The entry is:

Judgment affirmed.

---

Erica Johanson, Esq. (orally), and Paige Eggleston, Esq., Jensen Baird, Portland, for appellants Erica Brooks and Victoria Smith

Jonathan P. Hunter, Esq. (orally), and Stephen W. Wagner, Esq., Rudman Winchell, Bangor, for appellee Town of Bar Harbor

Sarah J. Jancarik, Esq., Maine Municipal Association, Augusta, for amicus curiae Maine Municipal Association

Hancock County Superior Court docket number AP-2021-10